UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
        v.                )     M.B.D. Case No. 20-91420-DJC
                     )
BRIAN RICARDO DENNIS,     )
                     )
    Defendant         )

**MOTION FOR ENDS-OF-JUSTICE CONTINUANCE
OF TIME FOR FILING AN INDICTMENT OR INFORMATION,
<u>AND EXCLUSION OF TIME, UNDER THE SPEEDY TRIAL ACT</u>**

The United States of America, by and through Assistant
United States Attorney Kenneth G. Shine, respectfully moves this
Court to grant a continuance of the time within which an
indictment or information must be filed for a pending case
against Defendant Brian Riccardo Dennis, and exclude the time
period from September 4, 2020, through and including November 3,
2020, from the speedy trial clock, pursuant to the Speedy Trial
Act, 18 U.S.C. §3161(h)(7)(A), and Sections 5(b)(7)(B) and
5(c)(1)(A) of the *Plan for Prompt Disposition of Criminal Cases*
for the United States District Court for the District of
Massachusetts (effective December 2008), on the ground that the
ends of justice served by granting the requested continuance and
excluding these periods outweigh the best interests of the public
and the defendant in a speedy trial.  Per this motion, the
Government requests that the date for the filing of any
indictment or information under the Speedy Trial Act be set at

November 9, 2020, absent further Order of the Court.  The

Government further asks this Court to issue the attached proposed

*Order of Continuance and Excludable Delay*.  The Government has

conferred with counsel for Defendant, Brian Riccardo Dennis, and

<u>Defendant assents to this exclusion of time under the Speedy</u>

<u>Trial Act</u>.  In support of its request for an exclusion, the

Government states as follows:

1.    On August 1, 2020, Brian Riccardo Dennis ("Dennis") was

charged by criminal complaint in the case *United States v. Brian*

*Riccardo Dennis*, 20-MJ-1340-DLC, with Injuring or Depredating

Government Property in violation of 18 U.S.C. §1361.  Dennis was

arrested on August 1, 2020 and appeared before the Court on

August 3, 2020 for his initial appearance.  At that time, the

Government moved for detention.  On August 5, 2020, following a

detention hearing the Court (MJ Dein covering for MJ Cabell) set

conditions for Dennis' release, and Dennis was released.

2.    Since his detention hearing on August 5, 2020, the

Government has provided initial discovery and the parties have

discussed a resolution of these matters.  Even with due

diligence, the parties have been unable to finalize their

discussions prior to the time within which an indictment or

information must be filed.  Thus, the Government requests a 60-

day extension of time within which an indictment or information

must be filed in this case.

2

3.   In light of the Court's General Orders limiting the regular operations of grand juries during the present health emergency through August 31, 2020, the parties have agreed to exclude time to file an indictment or information against Defendant under the Speedy Trial Act until November 3, 2020.  As set forth below, an exclusion of time under the Speedy Trial Act is clearly warranted given the present public health crisis involving the COVID-19 pandemic and the resulting limitations on grand juries sitting in this District.

4.   On Friday, March 13, 2020, the Court entered an Order Concerning Grand Jury Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General 20-3.   The Order provided that, because of the Coronavirus/COVID-19 public health emergency, all regularly scheduled grand jury proceedings in the District of Massachusetts were continued to April 27, 2020.

5.   On March 30, 2020, the Court entered a Supplemental Order Concerning Grand Jury Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General Order 20-4.  The Order extended the period during which all regularly scheduled grand jury proceedings were continued to Friday, May 29, 2020.

6.   On May 27, 2020, the Court entered a Second Supplemental Order Concerning Grand Jury Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General Order 20-22.  The Order extended the period during which all regularly scheduled grand

jury proceedings were continued to at least Tuesday, June 30, 2020.

7.   On June 29, 2020, the Court entered a Third Supplemental Order Concerning Grand Jury Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General Order 20-28.  The Order extended the period during which all regularly scheduled grand jury proceedings were continued to at least Monday, August 31, 2020.  The basis for this extension was the continuing public emergency arising out of the COVID-19 pandemic and the corresponding need to protect public health.

8.   Presently, there are two grand juries sitting on a weekly basis.  However, there have been multiple occasions in which a grand jury has not had the requisite quorum, which has prevented the presentation of cases for indictment.  The Government, with the assistance and cooperation of the Court, is continuing its efforts to hold grand jury sessions, and is currently seeking to increase the number of grand juries sitting per week to three. Given concerns raised by jurors about the COVID-19 virus, and related childcare and employment issues stemming therefrom, there is significant uncertainty whether those efforts will be successful.  When grand juries resume regular operations, the Government will prioritize cases with looming Speedy Trial Act and statute of limitations deadlines.  However, even when grand juries resume regular operations, there will remain a considerable

backlog of cases brought by complaint that the Government has been

unable to present to a grand jury since before March 13, 2020.

The Government anticipates it will take multiple grand jury

sessions over many weeks to present all of those cases.

9.   The same exclusions that apply for a trial under the

Speedy Trial Act apply to the 30-day requirement to indict.  *See*

18 U.S.C. § 3161(h).  None of these exclusions directly reference

a situation where a global pandemic and health emergency is the

reason why the indictment cannot be returned within the 30-day

time period.  The present health emergency is the type of

situation where an "ends of justice" continuance of the indictment

period is justified.  *See* 18 U.S.C. § 3161(h)(7)(A) and (B)(i).

As noted by one court,"[a]lthough the Speedy Trial Act does not

directly address continuances stemming from pandemics, natural

disasters, or other emergencies, this Court has discretion to

order a continuance in such circumstances."  *United States v.*

*Kemprud*, 2020 WL 2128585 at *2 (E.D.Ca. May 5, 2020); *see also*

*United States v. Richman*, 600 F.2d 286, 292-94 (1st Cir. 1979)

(continuance supported by "a paralyzing blizzard"); *Furlow v.*

*United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (affirming a

ends-of-justice continuance following the Mt. St. Helens'

eruption); *United States v. Correa*, 182 F. Supp. 2d. 326, 329

(S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

September 11, 2001 terrorists attacks and resulting public

emergency).   Analogously, the Speedy Trial Act provides for an additional 30 days to seek an indictment "when no grand jury has been in session."   18 U.S.C. § 3161(b).   This 30-day extension applies automatically.   *United States v. Mann,* 701 F.3d 274, 285 (8th Cir. 2012).

10.   Numerous courts have found that the present public health emergency arising out of the COVID-19 pandemic provides proper grounds for an exclusion of time under the Speedy Trial Act.   *See United States v. Diaz-Nivar*, 2020 WL 3848200 at *3 (D.N.H. July 8, 2020) (finding time excludable under the Speedy Trial Act due to the COVID-19 pandemic); *Kemprud*, 2020 WL 2128585 at *2 (finding same); *United States v. Magana*, 2020 WL 2527041 at *2 (D.Utah May 18, 2020) (finding same); *United States v. Magana-Madrigal*, 2020 WL 2476470 at *1-2 (E.D.Tenn. May 13, 2020) (finding same); *United States v. Dill*, 2020 WL 2083011 at *1 (D.Me. April 30, 2020) ("In light of the global outbreak of COVID-19 and its far-reaching impact on public health, the Court finds that a continuance in this case is necessary to reduce exposure to the disease."); *United States v. Aguirre-Maldonado*, 2020 WL 2029610 at *1 (D.Minn. April 28, 2020) (finding excludable time based on pandemic); *United States v. Guardon-Diaz*, 2020 WL 1845315 at *1 (N.D.Ca. April 10, 2020) ("The nation's public interest in stemming the spread of COVID-19 outweighs the interest of the 'public and the defendant in a speedy trial.'"); *United States v.*

*Castillo*, 2020 WL 1457915 at \*1-2 (M.D.Tenn. Feb. 25, 2020)

(excluding time for the filing of an indictment or information

based on the COVID-19 pandemic).

11.   In light of the above, particularly this Court's

General Orders limiting the regular operations of grand juries

due to the public health emergency caused by the COVID-19

pandemic, the 30-day period to file an indictment or information

in this case should be tolled through September 4, 2020.   The

time period of September 4, 2020 through November 3, 2020 should

be excluded under the Speedy Trial Act as to the filing of an

indictment or information against Defendant Diego Evangelista Da

Silva.   Any indictment or information should be filed in this

case by November 3, 2020, absent further Order of the Court

12.   A proposed order is attached.

                                        Respectfully submitted,

                                        ANDREW E. LELLING
                                        United States Attorney

                              By     */s/ Kenneth G. Shine*
                                        KENNETH G. SHINE
                                        Assistant U.S. Attorney

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent by email to the attorneys representing the above-referenced defendants as identified on each of the Notices of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By:  */s/ Kenneth G. Shine*
     KENNETH G. SHINE
     Assistant U.S. Attorney

August 27, 2020

8